Raymond G. DeCHAMPLAIN, Master Sergeant,
U. S. Air Force, Petitioner

v

UNITED STATES, Respondent

22 USCMA 211, 46 CMR 211

Miscellaneous Docket
No. 73–14

April 2, 1973

Not reported below.

*Colonel George M. Wilson*, USAF, and *Lieutenant Colonel James LaBar*,
USAF, counsel for Petitioner.

## Memorandum Opinion of the Court

A general court-martial convened by command of the Commanding General, Thirteenth Air Force, convicted petitioner of certain offenses and imposed a sentence which, as approved by the convening authority, required further review by the United States Air Force Court of Military Review pursuant to Article 66(b), Uniform Code of Military Justice, 10 USC § 866(b). Upon such review, that tribunal held petition-er's pretrial statement inadmissible and that he was prejudiced by its receipt in evidence at the trial. Accordingly, it set aside the findings and ordered a rehearing. The Judge Advocate General then certified the question of the correctness of the decision of the Court of Military Review for determination by this Court. Article 67(b)(2), UCMJ, 10 USC § 867(b)(2).

By opinion dated February 16, 1973,

upon which our mandate issued February 28, 1973, this Court sustained the challenged decision. United States v. DeChamplain, 22 USCMA 150, 46 CMR 150 (1973).

Petitioner now filed a "Petition for Extraordinary Relief." He therein represents that as of March 26, 1973, despite the above-mentioned decision, he remains confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, and has not been advised of any further disposition of his case. He concludes from this that Air Force authorities have taken no action to comply with this Court's mandate.

On the foregoing basis, petitioner seeks: immediate release from confinement, the appointment of a defense counsel, and, either a speedy trial upon, or other disposition of, the charges, or dismissal thereof with restitution of all pay and allowances.

 As a result of our decision of February 16, 1973, the convening authority is required to determine whether or not a rehearing of the charges against petitioner is practicable. Article 67(f), UCMJ, 10 USC § 867(f). Necessarily, a reasonable time for making the required determination must be allowed. Pending that determination, the decision respecting continued confinement is governed by the provisions of Article 13, UCMJ, 10 USC § 813.

 Since the limits of reasonableness have not been exceeded, and since petitioner has not alleged that his continued confinement results from any arbitrary exercise of the powers conferred by Article 13, UCMJ, the petition is denied.